**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

ERIC SCOTT CINA,

    Petitioner,

vs.

ROBERT LEGRAND, et al.,

    Respondents.

Case No. 3:13-cv-00705-HDM-VPC

**ORDER**

Before the court are the first amended petition for writ of habeas corpus (ECF No. 14), respondents' answer (ECF No. 23), and petitioner's reply (ECF No. 28). The court finds that petitioner is not entitled to relief, and the court denies the petition.

After a jury trial, petitioner was convicted of one count of sexual assault with a minor under sixteen years of age. Ex. 29 (ECF No. 19-6).[1] Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 48 (ECF No. 20-3).

Petitioner then filed a post-conviction habeas corpus petition in the state district court. Ex. 54 (ECF No. 20-9). The state district court denied the petition. Ex. 61 (ECF No. 20-16). Petitioner appealed, and the Nevada Supreme Court reversed and remanded for appointment of counsel to develop petitioner's claims. Ex. 69 (ECF No. 20-24). Counsel filed a supplemental petition. Ex. 73 (ECF No. 21). The state district court held an evidentiary hearing. Ex. 75 (ECF No. 21-2). The

---

[1] Petitioner also had been charged with one count of statutory sexual seduction and one count of incest. At the start of the trial, the prosecution decided not to pursue the count of incest. The jury found petitioner guilty of both sexual assault and statutory sexual seduction. The state district court dismissed the count of statutory sexual seduction because it was redundant.

state district court then denied the petition. Ex. 76 (ECF No. 21-3). Petitioner appealed, and the Nevada Supreme Court affirmed. Ex. 85 (ECF No. 21-12).

Petitioner then commenced this action. The court appointed counsel, who filed the first amended petition (ECF No. 14).

Congress has limited the circumstances in which a federal court can grant relief to a petitioner who is in custody pursuant to a judgment of conviction of a state court.

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington v. Richter, 562 U.S. 86, 98 (2011).

> Federal habeas relief may not be granted for claims subject to § 2254(d) unless it is shown that the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of this Court, § 2254(d)(1); Williams v. Taylor, 529 U.S. 362, 412 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

Richter, 562 U.S. at 100. "For purposes of § 2254(d)(1), 'an unreasonable application of federal law is different from an incorrect application of federal law.'" Id. (citation omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Id. (citation omitted).

> [E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations.

Yarborough v. Alvarado, 541 U.S. 652, 664 (2004).

> Under § 2254(d), a habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court.

Richter, 562 U.S. at 102.

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.

Id. at 103.

Ground 1, the only ground for relief, is that the evidence was insufficient to support the verdict of guilt for sexual assault with a child under the age of 16. The victim in this case was petitioner's daughter, B.C. On this issue, the Nevada Supreme Court held:

> Second, Cina contends that there was insufficient evidence presented to support his conviction for sexual assault because there was evidence presented demonstrating that the victim consented.
>
> Our review of the record on appeal, however, reveals sufficient evidence to establish guilt beyond a reasonable doubt as determined by a rational trier of fact. See Wilkins v. State, 96 Nev. 367, 374, 609 P.2d 309, 313 (1980); see also Origel-Candido v. State, 114 Nev. 378, 381, 956 P.2d 1378, 1380 (1998).
>
> In particular, we note that Cina's friend, Kevin Kerrick, and the victim both testified that Cina participated in "vulgar" and "inappropriate" message texting and phone conversations with the victim, sometimes lasting as long as three or four hours daily, which supported the theory that Cina had participated in "grooming" the victim. The victim's mother testified that the victim had desperately wanted a relationship with her father and the victim testified that when she was 14-years-old, Cina digitally penetrated her. Although testimony from a victim of sexual assault need not be corroborated, Gaxiola v. State, 121 Nev. 638, 648, 119 P.3d 1225, 1232 (2005); State v. Gomes, 112 Nev. 1473, 1481, 930 P.2d 701, 706 (1996); Washington v. State, 112 Nev. 1067, 1073, 922 P.2d 547, 551 (1996), here additional evidence was presented supporting the verdict of guilt. Cina's ex-girlfriend, Laura Callaghan, testified that she witnessed the sexual assault and confronted Cina and the victim.
>
> The jury could reasonably infer from the evidence presented that Cina subjected the victim to a sexual assault under conditions in which he knew or should have known that the victim was mentally or physically incapable of resisting or understanding the nature of his conduct. NRS 200.366(1). It is for the jury to determine the weight and credibility to give conflicting testimony, and the jury's verdict will not be disturbed on appeal where, as here, substantial evidence supports the verdict. See Bolden v. State, 97 Nev. 71, 73, 624 P.2d 20, 20 (1981); see also McNair v. State, 108 Nev. 53, 56, 825 P.2d 571, 573 (1992). [Footnote 3: Cina argues that because a 14-year-old juvenile offender can be tried as an adult when certain crimes are committed, we should find that the victim in this matter had the capacity to consent to sexual encounter with him. The issue of whether Cina subjected the victim to sexual assault under conditions in which he knew or should have known that the victim was mentally or physically incapable of resisting or understanding the nature of his conduct was determined by the jury. We decline to address it further.]

Ex. 48, at 3-4 (ECF No. 20-3, at 4-5).

At the relevant time, the statute defining sexual assault stated, in relevant part:

> A person who subjects another person to sexual penetration, or who forces another person to make a sexual penetration on himself or another, or on a beast, against the will of the victim or under conditions in which the perpetrator knows or should know that the victim is mentally or physically incapable of resisting or understanding the nature of his conduct, is guilty of sexual assault.

Nev. Rev. Stat. § 200.366(1) (2005). Additionally:

> "Sexual penetration" means cunnilingus, fellatio, or any intrusion, however slight, of any part of a person's body or any object manipulated or inserted by a person into the genital or anal openings of the body of another, including sexual intercourse in its ordinary meaning.

Nev. Rev. Stat. § 200.364(2) (2005).

The sole issue in ground 1 is whether petitioner knew, or should have known, that B.C. was mentally or physically incapable of resisting or understanding the nature of petitioner's conduct. Petitioner does not argue about the sufficiency of the evidence of sexual penetration. The prosecution never presented a case that the sexual penetration was against B.C.'s will.

The Nevada Supreme Court's summary of petitioner's efforts was accurate. Kevin Kerrick testified that he was staying temporarily with petitioner and petitioner's parents. He witnessed petitioner both speak with B.C. and exchange text messages with B.C. for several hours a day, every day, before school and after school. Kerrick read some of those text messages, and they had a sexual nature. Kerrick testified that petitioner told him that B.C. was coming to visit him and then go on a trip with him and his family to Disneyland—petitioner lived in Las Vegas, and B.C. lived in Sacramento—and petitioner was wondering what the best way was to have sexual relations with B.C. without being charged with incest. Ex. 21, at 11-17 (ECF No. 17, at 12-18). Based upon that evidence, the Nevada Supreme Court reasonably could have concluded that the sufficient evidence showed that petitioner was manipulating B.C., such that he knew or should have known that B.C. was mentally or physically incapable of resisting or understanding the nature of petitioner's conduct.

Reasonable jurists would not debate the court's decision, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that the first amended petition for writ of habeas corpus (ECF No. 14) is **DENIED**. The clerk of the court shall enter judgment accordingly and close this action.

///

1   IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

2   DATED: February 27, 2017.

    _____
    HOWARD D. MCKIBBEN
    United States District Judge